## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES FISHER,<br><br>                   Plaintiff,<br><br>   v.<br><br><br>AROTECH CORPORATION, JON B. KUTLER, KENNETH W. CAPPELL, LAWRENCE F. HAGENBUCH, and JAMES J. QUINN,<br><br><br><br>               Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff James Fisher ("Plaintiff") by and through his undersigned attorneys, brings this action on behalf of himself, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Arotech Corporation ("Arotech" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on the Company's website concerning the Company's public statements; and (d) review of other publicly available information concerning Arotech and the Defendants.

### SUMMARY OF THE ACTION

1.     This is an action brought by Plaintiff against Arotech and the Company's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a)

and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule

14a-9, 17 C.F.R. 240.14a-9, in connection with the proposed sale of the Company to Argonaut

Intermediate, Inc. ("Parent"), an affiliate of Greenbriar Equity Group, L.P., and Argonaut Merger

Sub, Inc. ("Merger Sub," and along with Parent, "Argonaut") (the "Proposed Transaction").

2.      On September 22, 2019, the Company entered into an Agreement and Plan of

Merger (the "Merger Agreement") with Argonaut.   Pursuant to the Merger Agreement, the

Company's shareholders will receive $3.00 in cash per share of Arotech common stock owned

(the "Merger Consideration").   The special meeting of shareholders to vote on the Proposed

Transaction is currently scheduled to be held on December 17, 2019, beginning at 9:00 a.m.

EST.

3.      On November 4, 2019, in order to convince the Company's shareholders to vote

in favor of the Proposed Transaction, the Board authorized the filing of a materially incomplete

and misleading proxy statement with the SEC (the "Proxy Statement"), in violation of Sections

14(a) and 20(a) of the Exchange Act.

4.      For these reasons, and as set forth in detail herein, Plaintiff asserts claims against

Arotech and the Board for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule

14a-9.   Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed

Transaction unless and until the material information discussed below is disclosed to Arotech

shareholders before the vote on the Proposed Transaction or, in the event the Proposed

Transaction is consummated, recover damages resulting from the Defendants' violations of the

Exchange Act.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act, 15 U.S.C § 78aa, and 28 U.S.C. § 1331, as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

6.      This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8.      Plaintiff is, and has been at all times relevant hereto, the owner of Arotech shares.

9.      Defendant Arotech is incorporated under the laws of Delaware and has its principal executive offices located at 1229 Oak Valley Drive, Ann Arbor, Michigan 48108.  The Company's common stock trades on the NASDAQ under the symbol "ARTX."

10.      Defendant Jon B. Kutler ("Kutler") is and has been the Chairman of the Company's Board at all times during the relevant time period.

11.      Defendant Kenneth W. Cappell ("Cappell") is and has been a director of Arotech at all times during the relevant time period.

12.      Defendant Lawrence F. Hagenbuch ("Hagenbuch") is and has been a director of Arotech at all times during the relevant time period.

13.     Defendant James J. Quinn ("Quinn") is and has been a director of Arotech at all times during the relevant time period.

14.     Defendants Kutler, Cappell, Hagenbuch, and Quinn are collectively referred to herein as the "Individual Defendants."

15.     The Individual Defendants, along with Defendant Arotech, are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

16.     Arotech and its subsidiaries provide defense and security products for the military, law enforcement, emergency services and homeland security markets, including multimedia interactive simulators/trainers, and lithium batteries and chargers. The Company operates primarily through its wholly-owned subsidiaries FAAC Incorporated, a Michigan corporation located in Ann Arbor, Michigan (Training and Simulation Division) and in Orlando, Florida; Epsilor-Electric Fuel Ltd., an Israeli corporation located in Beit Shemesh, Israel (between Jerusalem and Tel-Aviv) and in Dimona, Israel (in Israel's Negev desert area) (Power Systems Division); and UEC Electronics, LLC a South Carolina limited liability company located in Hanahan, South Carolina (Power Systems Division).

### The Company Announces the Proposed Transaction

17.     On September 22, 2019, the Company jointly issued a press release announcing the Proposed Transaction.  The press release stated in part:

> ANN ARBOR, Mich., Sept. 23, 2019 (GLOBE NEWSWIRE) -- Arotech Corporation (NasdaqGM: ARTX) today announced that it has entered into a definitive agreement with an affiliate of Greenbriar Equity Group, L.P. ("Greenbriar") under which the affiliate will acquire all outstanding shares of

Arotech common stock for $3.00 per share in cash, representing an aggregate equity value of approximately $80.8 million.

The $3.00 per share cash consideration represents a premium of approximately 32.7% to Arotech's closing share price on September 20, 2019, the last full trading day before today's announcement. The transaction, which was unanimously approved by Arotech's Board of Directors upon recommendation by a Special Committee of the Board, is expected to close in the first quarter of 2020. Following completion of the transaction, Arotech expects it will remain headquartered in Ann Arbor, MI.

**Transaction Details**

Under the terms of the merger agreement, Arotech's Board of Directors, with the assistance of its financial advisor, will conduct a 30-day "go-shop" process following the date of the announcement of the merger agreement, during which it will actively initiate, solicit, facilitate, encourage and evaluate alternative acquisition proposals, and potentially enter into negotiations with any parties that offer alternative acquisition proposals. Arotech will have the right to terminate the merger agreement to accept a superior proposal, subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" process will result in a superior proposal or that any other transaction will be approved or completed, and Arotech does not intend to disclose developments with respect to the solicitation process unless and until its Board of Directors makes a determination requiring further disclosure.

The proposed transaction is subject to, among other customary closing conditions, approval by the holders of a majority of the shares of Arotech common stock. There are no financing contingencies contemplated under the terms of the merger agreement. Following completion of the transaction, Arotech will become a privately-held company and shares of Arotech's common stock will no longer be listed on any public market.

**Advisors**

B. Riley FBR, Inc. is serving as exclusive financial advisor to Arotech, and Lowenstein Sandler LLP is serving as legal counsel. Kirkland & Ellis LLP is serving as legal counsel to Greenbriar.

## FALSE AND MISLEADING STATEMENTS
## AND/OR MATERIAL OMISSIONS IN THE PROXY STATEMENT

18.      On November 4, 2019, the Company authorized the filing of the Proxy Statement

with the SEC.  The Proxy Statement recommends that the Company's shareholders vote in favor

of the Proposed Transaction.

19.      Defendants were obligated to carefully review the Proxy Statement prior to its

filing with the SEC and dissemination to the Company's shareholders to ensure that it did not

contain any material misrepresentations or omissions.   However, the Proxy Statement

misrepresents and/or omits material information that is necessary for the Company's

shareholders to make informed decisions regarding whether to vote in favor of the Proposed

Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

### Material False and Misleading Statements or Material
### Misrepresentations or Omissions Regarding Management's Financial Projections

20.      The Proxy Statement contains projections prepared by Company's management

concerning the Proposed Transaction, but fails to provide material information concerning such.

21.      The SEC has repeatedly emphasized that disclosure of non-GAAP projections can

be inherently misleading, and has therefore heightened its scrutiny of the use of such

projections.[1]  Indeed, on May 17, 2016, the SEC's Division of Corporation Finance released new

and updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP

---

[1] *See, e.g.*, Nicolas Grabar and Sandra Flow, Non-GAAP Financial Measures: The SEC's Evolving Views, Harvard Law School Forum on Corporate Governance and Financial Regulation (June 24, 2016), *available at* https://corpgov.law.harvard.edu/2016/06/24/non-gaap-financial-measuresthesecs evolving-views/; Gretchen Morgenson, Fantasy Math Is Helping Companies Spin Losses Into Profits, N.Y. Times, Apr. 22, 2016, available at http://www.nytimes.com/2016/04/24/business/fantasy-mathis-helping-companies-spin-ossesinto-profits.html?_r=0.

financial measures that demonstrate the SEC's tightening policy.[2] One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.

22.     In order to make management's projections included in the Proxy Statement materially complete and not misleading, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures.

23.     Specifically, the Company must disclose the line item projections for the financial metrics that were used to calculate the non-GAAP measures, including: (i) adjusted EBITDA; and (ii) projected free cash flow.

24.     Disclosure of the above information is vital to provide investors with the complete mix of information necessary to make an informed decision when voting on the Proposed Transaction.

### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding B. Riley's Financial Opinion

25.     The Proxy Statement contains the financial analyses and opinion of B. Riley FBR, Inc. ("B. Riley") concerning the Proposed Transaction, but fails to provide material information concerning such.

26.     With respect to B. Riley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) unlevered free cash flows for years 2020 through 2024; (ii) terminal value multiples for the Company; and (iii) the basis for selection of the selected exit multiples ranging from 9.5x to 10.5x; and (iv) the inputs and assumptions underlying the selection of discount rates of 14.0% to 16.0%.

---

[2] Non-GAAP Financial Measures, Compliance & Disclosure Interpretations, U.S. SECURITIES AND EXCHANGE COMMISSION (May 17, 2017), *available at* https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

27.     With respect to B. Riley's *Premiums Paid Analysis*, the Proxy Statement fails to disclose: (i) the transactions observed in conducting B. Riley's analysis; and (ii) the premiums paid in each of the transactions selected.

28.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover, the disclosure of projected financial information is material because it provides shareholders with a basis to project the future financial performance of a company and allows shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion.

29.     Without the above described information, the Company's shareholders are unable to cast a fully informed vote on the Proposed Transactions.  Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

## COUNT I

### (Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder)

30.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

31.     Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or

authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

32.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that communications with stockholders in a recommendation statement shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

33.     Defendants have issued the Proxy Statement with the intention of soliciting shareholders support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Proxy Statement, which fails to provide critical information regarding, among other things, the financial projections for the Company.

34.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to shareholders although they could have done so without extraordinary effort.

35.     The Defendants knew or were negligent in not knowing that the Proxy Statement is materially misleading and omits material facts that are necessary to render it not misleading. The Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

36.     The Defendants knew or were negligent in not knowing that the material

information identified above has been omitted from the Proxy Statement, rendering the sections

of the Proxy Statement identified above to be materially incomplete and misleading. Indeed, the

Defendants were required to be particularly attentive to the procedures followed in preparing the

Proxy Statement and review it carefully before it was disseminated, to corroborate that there are

no material misstatements or omissions.

37.     The Defendants were, at the very least, negligent in preparing and reviewing the

Proxy Statement. The preparation of a proxy statement by corporate insiders containing

materially false or misleading statements or omitting a material fact constitutes negligence. The

Defendants were negligent in choosing to omit material information from the Proxy Statement or

failing to notice the material omissions in the Proxy Statement upon reviewing it, which they

were required to do carefully as the Company's directors. Indeed, the Defendants were

intricately involved in the process leading up to the signing of the Merger Agreement and the

preparation of the Company's financial projections.

38.     The misrepresentations and omissions in the Proxy Statement are material to

Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations

and omissions are not corrected prior to the vote on the Proposed Transaction.

39.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's

equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that

Defendants' actions threaten to inflict.

## COUNT II

**(Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act)**

40.     Plaintiff incorporates each and every allegation set forth above as if fully set forth

herein.

41.     The Individual Defendants acted as controlling persons of Arotech within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Arotech, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

42.     Each of the Individual Defendants was provided with, or had unlimited access to, copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing this document.

44.     In addition, as set forth in the Proxy Statement sets forth at length and described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated

in drafting and/or gave their input on the content of those descriptions.

45.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

47.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     Directing the Individual Defendants to disseminate an Amendment to the Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.     Directing Defendants to account to Plaintiff for all damages sustained because of the wrongs complained of herein;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 14, 2019                                    Respectfully submitted,


By: */s/ Joshua M. Lifshitz*
Joshua M. Lifshitz
Email: jml@jlclasslaw.com
**LIFSHITZ & MILLER LLP**
821 Franklin Avenue, Suite 209
Garden City, New York 11530
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*